**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LEARNING RESOURCES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-9987 |
| | ) | |
| TARA TOY CORP., | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Learning Resources, Inc. ("Learning Resources") complains against Defendant Tara Toy Corp. ("Tara Toy") as follows:

***Nature of the Case***

1. Learning Resources and Tara Toy are competitors in the educational game and product market. Learning Resources recently discovered that Tara Toy has introduced a range of educational games and products that copy content from or have trademarks that are confusingly similar to well-known Learning Resources games and products. For example, Tara Toy plagiarized the original compilation of words selected by Learning Resources for its POP FOR SIGHT WORDS game to produce a word game with nearly identical words. Tara Toy's games and products at issue in this case are remade versions of Learning Resources' games and products, whereby likelihood of confusion is due not only to the similar trademarks and copied content, but also to similar packaging, artwork, snack food themes, and overall game play as Learning Resources' games and products.

2. Tara Toy markets its infringing games and products in packaging bearing the name "Scholastic." Scholastic is a well-known educational company prominent in both the

school and parent markets. Scholastic is also a large and longtime reseller of Learning Resources' educational games and products. In fact, Scholastic previously distributed and sold the original Learning Resources products now mimicked by Tara Toy. Therefore, when consumers see Tara Toy's games and products on retailers' shelves, the Scholastic name on Tara Toy's packaging is likely to help link Tara Toy's games and products to Learning Resources in the eyes of consumers. The combination of Tara Toy's infringing conduct and the Scholastic name on Tara Toy's packaging is likely to confuse consumers into believing that Tara Toy's games and products are retail versions of the Learning Resources games and products previously available through Scholastic.

### The Parties

3.     Plaintiff Learning Resources is a corporation duly organized and existing under the laws of the State of Illinois. Learning Resources has its principal place of business at 380 North Fairway Drive, Vernon Hills, Illinois.

4.     Learning Resources designs, manufactures, and sells educational products, including games for teaching math and reading skills. Learning Resources sells its games and products through a variety of distribution channels, including national and specialty retailers, resellers such as Scholastic Inc., brick-and-mortar stores, websites, direct sales, and direct mail catalogs.

5.     On information and belief, Defendant Tara Toy Corp. is a New York corporation and has its principal place of business at 40 Adams Avenue, Hauppauge, New York.

6.     On information and belief, Tara Toy manufactures, imports, sells, and distributes toys and games for children. Tara Toy competes with Learning Resources in the market for educational games and products. Tara Toy also sells and distributes its toys to national chains

and specialty stores throughout the United States of America. Tara Toy's games and products often are sold in the same toy or educational products section of a store as Learning Resources' products, competing with Learning Resources at the same retailers for consumer loyalty, shelf space, and promotional support.

### Jurisdiction and Venue

7.    This action arises under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7, and Illinois common law.

8.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1367, and 1338(a) and (b).

9.    This Court has personal jurisdiction over Defendant Tara Toy because Tara Toy regularly conducts business within this judicial district and has committed one or more of the acts complained of in this Complaint within this judicial district by selling its infringing products through retailers in this judicial district such as Toys R Us.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

### Facts

11.    Learning Resources is known for educational content, product innovation and its strong design sense. Founded in 1984, Learning Resources has devoted decades to developing rigorous but entertaining educational games and other products to teach children a variety of basic skills, including math and reading. Learning Resources' products have won hundreds of product awards and are prized by schools and educational leaders for outstanding content, highly engaging and innovative product design, and excellent product quality and durability. Learning Resources is recognized as a world leader in hands-on learning, and its children's educational

games and other products that promote hands-on learning are found in the school, parent, and other consumer markets.

12.     Learning Resources' educational product offerings include educational games based on snack foods themes.  Learning Resources selected its snack food themes for their charm and popularity but are otherwise fanciful and arbitrary.  For example, Learning Resources' POP FOR SIGHT WORDS™ and POP FOR SIGHT WORDS 2™ games use a popcorn theme to teach "sight words," a basic reading skill.  Learning Resources' game PIZZA FRACTION FUN™ uses cardboard pizza slices to teach fraction concepts, and its game entitled COUNTING COOKIES™ uses cardboard chocolate chip cookies to teach counting skills.  Two other games, POP FOR NUMBERS™ and POP FOR ADDITION AND SUBTRACTION™, use a gumball theme to teach basic math skills.

13.     Learning Resources uses sets of food-themed trademarks on multiple products, including the products at issue in this case, to provide a common brand among the products within a set, and to reinforce the positive experience consumers have had with one or more Learning Resources' products across a broad spectrum of products and educational content areas. This is one way in which Learning Resources attempts to build the value of its brands.  For instance, in addition to POP FOR SIGHT WORDS and POP FOR SIGHT WORDS 2, Learning Resources offers a set of popcorn-themed reading games including POP FOR BLENDS, POP FOR WORD FAMILIES, POP FOR LETTERS, and the POP FOR SIGHT WORDS Bundle. The retail display for these games also includes a prominent popcorn theme in association with the POP brand positioning.  In addition to the PIZZA FRACTION FUN game, Learning Resources offers a set of pizza-themed games and products such as PIZZA FRACTION FUN JR. game, PIZZA MANIA EARLY MATH game, MAGNETIC PIZZA FRACTION Demonstration

Set, and SMART SNACKS PIECE-A-PIZZA FRACTIONS Activity Set. In addition to the COUNTING COOKIES game, Learning Resources offers SMART SNACKS COUNTING COOKIES Activity Set and the SMART SNACKS COUNTING COOKIES Electronic Play Mat.

14.     Learning Resources sells or has sold products bearing the copyright and trademarks at issue in this case to Scholastic for resale to schools, teachers and consumers. Scholastic resells such products through catalogs, book clubs and book fairs, stores, on its own website and via other means. For example, in or about February 2010, Learning Resources gave a presentation to Scholastic that included, among other products, POP FOR SIGHT WORDS, POP FOR MATH, and COUNTING COOKIES. During 2010-2012, Scholastic ordered a substantial number of POP FOR SIGHT WORDS games from Learning Resources. Likewise, during 2004-2010, Scholastic ordered substantial quantities of Learning Resources' pizza-themed games, namely, PIZZA FRACTION FUN, PIZZA FRACTION FUN JUNIOR, FUN WITH PIZZA FRACTIONS, PIZZA FRACTION BINGO, and PIZZA PARTY FRACTIONS. In 2013 and 2014, Scholastic ordered a version of the COUNTING COOKIES product, buying a substantial number of units from Learning Resources.

15.     Learning Resources' educational products —including the pedagogy, rules, and content of its games—are the product of Learning Resources' decades of experience developing educational products and educational toys. Developing an effective educational game that children want to play again and again is a specialized skill. Learning Resources' POP FOR SIGHT WORDS game reflects that skill. Learning Resources developed POP FOR SIGHT WORDS to help children of a certain age to practice their "sight word" skills, namely to recognize and read certain words by sight because the words do not lend themselves to being sounded out. For example, words like "one," "new," "white," and "round" are considered "sight

words." Learning Resources' word list selected certain sight words from outside the intended age range, kindergarten through first grade, from a much larger pool of sight words used for older children. Learning Resources also included at least one word that is not found in typical sight word lists. Learning Resources' employees used their judgment and creativity to select the words used in its POP FOR SIGHT WORDS game. Learning Resources also used creative design skills to develop the game pieces and packaging of POP FOR SIGHT WORDS. Learning Resources owns a valid copyright in its selection of words and other creative aspects of the game and its box. Learning Resources owns U.S. Copyright Registration No. VA1927578 for the work entitled "POP FOR SIGHT WORDS," a copy of which is attached as Exhibit A.

16. Learning Resources' PIZZA FRACTION FUN game teaches fraction concepts. The game includes multiple cardboard pizzas displaying photographs of real pizzas sliced in various fractions. Learning Resources' has valid and enforceable trademark rights in the mark PIZZA FRACTION FUN for educational toys. The trademark PIZZA FRACTION FUN displayed on the box identifies Learning Resources as the source of the same.

17. Learning Resources sells one of its COUNTING COOKIES products in a box that includes illustrations of cookies and a window through which the plastic cookies and a cookie jar are visible to a purchaser at the point of sale. The COUNTING COOKIES mark also appears on packaging for other products developed, manufactured, and sold by Learning Resources, including a COUNTING COOKIES game and play mat. Learning Resources has valid and enforceable trademark rights in the mark COUNTING COOKIES for educational games. The trademark COUNTING COOKIES displayed on the box identifies Learning Resources as the source of game.

18.     Learning Resources offers a wide range of clocks for teaching time sold under the name Big Time clock, all with a distinctive appearance.  Learning Resources has sold these clocks for more than a decade.  They are widely distributed to schools and through retail outlets and are among the most recognizable of Learning Resources' products.

19.     Learning Resources has expended considerable time, money, and effort in advertising, promoting, and marketing its aforementioned sets of food-themed games and clock products and building their respective brands.  On information and belief, Learning Resources was the only supplier of all of the following – a popcorn game for teaching sight words, a pizza game for teaching fractions, a cookie game for teaching counting, and a gumball game for teaching addition and subtraction – that is, until Tara Toy began selling the same combination of games and products and infringing Learning Resources' copyright and trademarks.

20.     Tara Toy has sold and is selling a word game named SIGHT WORDS POPCORN GAME.  Like Learning Resources' POP FOR SIGHT WORDS game, Tara Toy's SIGHT WORDS POPCORN GAME uses popcorn illustrated game pieces to teach sight words.  The popcorn theme is fanciful and is not required to teach sight words.  Tara Toy copied Learning Resources' selection of words used in the game and has included the Scholastic name on the package to help link the game to Learning Resources.

21.     Tara Toy has sold and is selling a game called PIZZA FUN FRACTION GAME that includes multiple cardboard pizzas displaying photographs of real pizzas sliced in various fractions.  Tara Toy's use of the name PIZZA FUN FRACTION GAME on an educational game in a package also bearing the Scholastic name is likely to cause confusion or mistake with Learning Resources' PIZZA FRACTION FUN trademark and game.

22.     Tara Toy has sold and is selling a game called COUNTING MATCHING GAME in a box that displays illustrations of cookies and a cookie jar.  A cardboard cookie jar and plastic cookies in the box are visible through a window of the Tara Toy box, and the cookie illustration and window are in close proximity to the name COUNTING MATCHING GAME on the box. Tara Toy's use of the name COUNTING MATCHING GAME in conjunction with a box as described in this Paragraph and bearing the Scholastic name for a similar educational game is likely to cause confusion or mistake with Learning Resources' COUNTING COOKIES trademark and game.

23.     Tara Toy has sold and is selling a product named Telling Time Learning Activity that includes a plastic clock.  This clock has a shape and appearance that closely resembles Learning Resources' Big Time clock.  The face of the Tara Toy clock is printed on a sticker applied to the clock housing, and the colors, layout and font of the face, numerals, hands, and minute indicators closely resemble those on Learning Resources' product.  The overall appearance and configuration of Tara Toy's clock in a package bearing the Scholastic name is likely to cause confusion or mistake with Learning Resources' clock.

### Count I
### *Copyright Infringement – POP FOR SIGHT WORDS*

24.     Learning Resources incorporates the allegations of Paragraphs 1-23 of this Complaint by reference into this Count as though fully set forth herein.

25.     Learning Resources owns a valid and enforceable copyright and U.S. Copyright Registration No. VA0001927578 for the work entitled POP for Sight Words.

26.     Tara Toy has infringed, induced, or contributed to the infringement of, Learning Resources' copyright in the work entitled POP FOR SIGHT WORDS by copying the artwork on

the box and game pieces and through its compilation and selection of the words printed on the game pieces, all without Learning Resources' permission.

27.     Tara Toy's unauthorized reproduction, distribution, sale, and public display of Learning Resources' copyrighted work constitutes copyright infringement in violation of 17 U.S.C. § 501.

28.     Tara Toy's copyright infringement has been willful, knowing, and intentional.

29.     Tara Toy's copyright infringement has caused irreparable harm to Learning Resources that cannot be easily ascertained.

30.     Unless enjoined by the Court, Tara Toy will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and Tara Toy's unjust enrichment.

## COUNT II
### Trademark Infringement - PIZZA FRACTION FUN

31.     Learning Resources incorporates the allegations of Paragraphs 1-23 of this Complaint by reference into this Count as though fully set forth herein.

32.     For many years Learning Resources has marketed, advertised, sold, and distributed a game throughout the United States of America under the trademark PIZZA FRACTION FUN.  The mark PIZZA FRACTION FUN is distinctive and denotes Learning Resources as the origin of the product sold under that mark.  Furthermore, customers associate the mark PIZZA FRACTION FUN with Learning Resources.

33.     After Learning Resources began marketing and selling its fraction game under the mark PIZZA FRACTION FUN, Tara Toy began making and selling a fraction game named PIZZA FUN FRACTION GAME.

34.     Tara Toy's acts described in this Complaint constitute a violation of 15 U.S.C. § 1125(a) as Tara Toy has used in commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Tara Toy with Learning Resources, or as to the origin, sponsorship, or approval of Tara Toy's goods by Learning Resources.

35.     Tara Toy's actions complained of in this Complaint have caused Learning Resources damage and injury and unjustly enriched Tara Toy.

36.     Unless enjoined by this Court, Tara Toy will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and to Tara Toy's unjust enrichment.

## COUNT III
### *Illinois Deceptive Trade Practices - PIZZA FRACTION FUN*

37.     Learning Resources incorporates the allegations of Paragraphs 1-23 of this Complaint by reference into this Count as though fully set forth herein.

38.     For many years Learning Resources has marketed, advertised, sold, and distributed a game throughout the United States of America and in the State of Illinois under the trademark PIZZA FRACTION FUN.  The mark PIZZA FRACTION FUN is distinctive and denotes Learning Resources as the origin of the product sold under that mark.  Furthermore, customers associate the mark PIZZA FRACTION FUN with Learning Resources.

39.     After Learning Resources began marketing and selling its fraction game under the mark PIZZA FRACTION FUN, Tara Toy began making and selling a fraction game named PIZZA FUN FRACTION GAME.

40.     With full knowledge of Learning Resources superior rights to the mark PIZZA

FRACTION FUN Tara Toy is using a confusingly similar name in connection with a similar

game with the deliberate purpose of obtaining the benefit of the goodwill and reputation of

Learning Resources.

41.     Tara Toy's acts described in this Complaint are likely to and are intended to,

confuse and deceive the public as to the origin, sponsorship, or approval of Tara Toy's goods by

Learning Resources.

42.     Tara Toy's actions constitute unfair competition and deceptive trade practices in

violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7.

43.     Tara Toy's actions complained of in this Complaint have caused Learning

Resources damage and injury and unjustly enriched Tara Toy.

44.     Unless enjoined by this Court, Tara Toy will continue to do the acts complained

of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm

and to Tara Toy's unjust enrichment.

## COUNT IV
### *Illinois Common Law Trademark Infringement - PIZZA FRACTION FUN*

45.     Learning Resources incorporates the allegations of Paragraphs 1-23 of this

Complaint by reference into this Count as though fully set forth herein.

46.     For many years Learning Resources has marketed, advertised, sold, and

distributed a game throughout the United States, including in Illinois, under the trademark

PIZZA FRACTION FUN.  The mark PIZZA FRACTION FUN is distinctive and denotes

Learning Resources as the origin of the product sold under that mark.  Furthermore, customers

associate the mark PIZZA FRACTION FUN with Learning Resources.

47.     After Learning Resources began marketing and selling its fraction game under the mark PIZZA FRACTION FUN, Tara Toy began making and selling a fraction game named PIZZA FUN FRACTION GAME.

48.     Tara Toy's acts described in this Complaint constitute a violation of Illinois common law as Tara Toy has used in commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Tara Toy with Learning Resources, or as to the origin, sponsorship, or approval of Tara Toy's goods by Learning Resources.

49.     Tara Toy's actions complained of in this Complaint have caused Learning Resources damage and injury and unjustly enriched Tara Toy.

50.     Unless enjoined by this Court, Tara Toy will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and to Tara Toy's unjust enrichment.

## COUNT V
### *Trademark Infringement - COUNTING COOKIES*

51.     Learning Resources incorporates the allegations of Paragraphs 1-23 of this Complaint by reference into this Count as though fully set forth herein.

52.     For many years Learning Resources has marketed, advertised, sold, and distributed a game under the trademark COUNTING COOKIES. The mark COUNTING COOKIES is distinctive and denotes Learning Resources as the origin of the product sold under that mark. Furthermore, customers associate the mark COUNTING COOKIES with Learning Resources.

53.     After Learning Resources began marketing and selling its game under the mark COUNTING COOKIES, Tara Toy began making and selling a game named COUNTING MATCHING GAME in a box as previously described.

54.     Tara Toy's acts described in this Complaint constitute a violation of 15 U.S.C. § 1125(a) as Tara Toy has used in commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin which are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Tara Toy with Learning Resources, or as to the origin, sponsorship, or approval of Tara Toy's goods by Learning Resources.

55.     Tara Toy's actions complained of in this Complaint have caused Learning Resources damage and injury and unjustly enriched Tara Toy.

56.     Unless enjoined by this Court, Tara Toy will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and to Tara Toy's unjust enrichment.

## COUNT VI
### *Illinois Deceptive Trade Practices - COUNTING COOKIES*

57.     Learning Resources incorporates the allegations of Paragraphs 1-23 of this Complaint by reference into this Count as though fully set forth herein.

58.     For many years Learning Resources has marketed, advertised, sold, and distributed a game throughout the United States of America and in the State of Illinois under the trademark COUNTING COOKIES.  The mark COUNTING COOKIES is distinctive and denotes Learning Resources as the origin of the product sold under that mark.  Furthermore, customers associate the mark COUNTING COOKIES with Learning Resources.

59.     After Learning Resources began marketing and selling its counting game under the mark COUNTING COOKIES, Tara Toy began making and selling a counting game named COUNTING MATCHING GAME in a box as previously described.

60.     With full knowledge of Learning Resources superior rights to the mark COUNTING COOKIES Tara Toy is using a confusingly similar name in connection with a similar game with the deliberate purpose of obtaining the benefit of the goodwill and reputation of Learning Resources.

61.     Tara Toy's acts described in this Complaint are likely to and are intended to confuse and deceive the public as to the origin, sponsorship, or approval of Tara Toy's goods by Learning Resources.

62.     Tara Toy's actions constitute unfair competition and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1-510/7.

63.     Tara Toy's actions complained of in this Complaint have caused Learning Resources damage and injury and unjustly enriched Tara Toy.

64.     Unless enjoined by this Court, Tara Toy will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and to Tara Toy's unjust enrichment.

## COUNT VII
### *Illinois Common Law Trademark Infringement - COUNTING COOKIES*

65.     Learning Resources incorporates the allegations of Paragraphs 1-23 of this Complaint by reference into this Count as though fully set forth herein.

66.     For many years Learning Resources has marketed, advertised, sold, and distributed a game throughout the United States of America and the State of Illinois under the trademark COUNTING COOKIES.  The mark COUNTING COOKIES is distinctive and

denotes Learning Resources as the origin of the product sold under that mark. Furthermore, customers associate the mark COUNTING COOKIES with Learning Resources.

67.     After Learning Resources began marketing and selling its counting game under the mark COUNTING COOKIES, Tara Toy began making and selling a counting game named COUNTING MATCHING GAME in a box as previously described.

68.     Tara Toy's acts described in this Complaint constitute a violation of Illinois common law as Tara Toy has used in commerce words, terms, symbols, devices, names, or combinations thereof, or a false designation of origin which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Tara Toy with Learning Resources, or as to the origin, sponsorship, or approval of Tara Toy's goods by Learning Resources.

69.     Tara Toy's actions complained of in this Complaint have caused Learning Resources damage and injury and unjustly enriched Tara Toy.

70.     Unless enjoined by this Court, Tara Toy will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and to Tara Toy's unjust enrichment.

## COUNT VIII
### *Lanham Act Violation - Trade Dress Infringement and Unfair Competition – Clock*

71.     Learning Resources incorporates the allegations of Paragraphs 1-23 of this Complaint by reference into this Count II as though fully set forth herein.

72.     For many years, Learning Resources has marketed, advertised, sold, and distributed its Big Time clock product.

73.     Learning Resources has expended substantial time, effort, and money in advertising, promoting, and marketing its Big Time clock throughout the United States of

America and in the State of Illinois. Learning Resources' time, efforts, and money have enhanced the distinctiveness of its Big Time clock product.

74.     As a result, the overall design, appearance, and configuration of Learning Resources' Big Time clock is distinctive, non-functional, and distinguishes Learning Resources' Big Time clock from competitive products offered by other companies.

75.     After Learning Resources began marketing and selling the Big Time clock product, Tara Toy copied and began selling the same or confusingly similar clocks in commerce.

76.     The design, appearance, and configuration of Tara Toy's teaching clock is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of Tara Toy with Learning Resources, or mislead the public into believing that Learning Resources is the origin of, or has sponsored or approved of Tara Toy's goods.

77.     Tara Toy's acts described in this Complaint constitute a willful violation of 15 U.S.C. § 1125(a).

78.     Unless enjoined by this Court, Tara Toy will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and Tara Toy's unjust enrichment.

### COUNT IX
### *Illinois Common Law Trade Dress Infringement and Unfair Competition – Clock*

79.     Learning Resources incorporates the allegations of Paragraphs 1-23 of this Complaint by reference into this Count II as though fully set forth herein.

80.     For many years, Learning Resources has marketed, advertised, sold, and distributed its Big Time clock product.

81.     Learning Resources has expended substantial time, effort, and money in advertising, promoting, and marketing its Big Time clock throughout the United States of

America and in the State of Illinois. Learning Resources' time, efforts, and money have enhanced the distinctiveness of its Big Time clock product.

82.     As a result, the overall design, appearance, and configuration of Learning Resources' Big Time clock is distinctive, non-functional, and distinguishes Learning Resources' Big Time clock from competitive products offered by other companies.

83.     After Learning Resources began marketing and selling the Big Time clock product, Tara Toy copied and began selling the same or confusingly similar clocks in commerce.

84.     The design, appearance, and configuration of Tara Toy's teaching clock is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of Tara Toy with Learning Resources, or mislead the public into believing that Learning Resources is the origin of, or has sponsored or approved of Tara Toy's goods.

85.     Tara Toy's acts described in this Complaint constitute a willful violation of Illinois common law.

86.     Unless enjoined by this Court, Tara Toy will continue to do the acts complained of in this Complaint and cause damage and injury, all to Learning Resources' irreparable harm and Tara Toy's unjust enrichment.

### *Prayer for Relief*

Learning Resources respectfully requests that the Court enter judgment in favor of Learning Resources and against Tara Toy, granting the following relief:

(a)     judgment that Tara Toy has willfully infringed, induced infringement of, or contributed to the infringement of Learning Resources' copyright in the work entitled POP FOR SIGHT WORDS;

(b)      judgment that Tara Toy has willfully infringed, induced infringement of, or contributed to the infringement of Learning Resources' trademark PIZZA FRACTION FUN, its trademark COUNTING COOKIES and its trade dress rights in the Big Time clock.

(c)      an injunction against Tara Toy, including its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, attorneys, and all others in active concert or participation with them who receive notice of this injunction, permanently enjoining them from making, selling, or advertising products, including Learning Resources' copyright, trademarks, or trade dress, or otherwise infringing Learning Resources' copyright, trademarks, or trade dress;

(d)      an order that Tara Toy be directed to deliver up to this Court for destruction, pursuant to 17 U.S.C. § 503 and 15 U.S.C. § 1118, all products, packaging, prints, advertisements, publications, promotions, or other articles in its possession bearing Learning Resources' copyright, trademarks, or trade dress, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds matrices, screens, or other means of making the same;

(e)      an order that Tara Toy be required to account for and pay over to Learning Resources all actual damages suffered by Learning Resources; all gains, profits, and advantages derived by Tara Toy from its infringement of Learning Resources' copyright and trademarks, and such damages as the Court shall deem proper within the Copyright Act, the Lanham Act, and Illinois statutory and common law;

(f)      an award of increased damages to fully compensate Learning Resources and punitive damages for the willful and wanton nature of Tara Toy's wrongful acts;

(g)     an award to Learning Resources of its costs and expenses, including all reasonable attorneys' fees recoverable under the Copyright Act, the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act, Illinois common law, or any other applicable law or rule; and

(h)     pre-judgment and post-judgment interest as allowed by law;

(i)     such other and further relief as this Court deems fair and equitable.

### Jury Demand

Learning Resources demands a trial by jury on all issued properly tried to a jury pursuant to Federal Rules of Civil Procedure 38 and 39 and other applicable federal law.

Dated: December 12, 2014                          _____*/s/ Arthur Gollwitzer III*_____

Arthur Gollwitzer III (6225038)
 agollwitzer@michaelbest.com
Larry L. Saret (2459337)
 llsaret@michaelbest.com
Paul R Coble (6296105)
 pcoble@michaelbest.com
MICHAEL BEST & FRIEDRICH LLP
Two Prudential Plaza
180 North Stetson Avenue, Suite 2000
Chicago, IL  60601
Telephone:  312-222-0800